

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NOS. WR-83,563-01 AND WR-83,563-02

### EX PARTE CHAD EUGENE APPLETON, Applicant

### ON APPLICATIONS FOR WRITS OF HABEAS CORPUS CAUSE NOS. 28,882 AND 28,881 IN THE 196TH DISTRICT COURT FROM HUNT COUNTY

*Per curiam*.

### O R D E R

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court these applications for writs of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant entered an open plea of guilty to evading arrest or detention with a motor vehicle and theft, and was sentenced to thirty-five years' imprisonment for the evading arrest, and eighteen months in state jail for the theft, to be served concurrently. The Fifth Court of Appeals affirmed his convictions. *Appleton v. State*, No. 05-13-01246-CR and 05-13-01245-CR (Tex. App. — Dallas, June 18, 2014) (not designated for publication).

Applicant contends, among other things[1], that his trial counsel rendered ineffective assistance because counsel failed to adequately investigate or interview witnesses, failed to communicate Applicant's desire to accept a plea offer, failed to object to untimely notice of the State's intent to seek enhanced sentencing, and failed to challenge an affirmative deadly weapon finding. All of Applicant's claims appear to pertain to his conviction for evading arrest or detention.

It appears that Applicant should have discharged his eighteen-months state jail sentence in the theft case, as he received credit for 232 days of pre-sentencing jail time credit in that case. However, TDCJ's offender database does not contain any reference to this conviction or sentence and initial inquiries suggest that the judgment in the theft case may not have been sent to TDCJ or entered into their system. As a preliminary matter, therefore, the trial court shall make findings of fact as to whether Applicant has discharged his sentence in cause number 28,881. Whether or not Applicant has discharged that sentence, the trial court shall make findings as to whether TDCJ received a copy of the judgment in cause number 28,881, and if so why it was not entered into their system. If the judgment was not sent to TDCJ, the trial court shall ensure that a copy of the judgment is sent to TDCJ, and that their records are corrected to reflect this conviction and sentence.

As to his conviction for evading arrest or detention, Applicant has alleged facts that, if true, might entitle him to relief. *Strickland v. Washington*, 466 U.S. 668 (1984); *Ex parte Patterson*, 993 S.W.2d 114, 115 (Tex. Crim. App. 1999). In these circumstances, additional facts are needed. As we held in *Ex parte Rodriguez*, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court shall order trial counsel to respond to Applicant's claims of ineffective assistance of counsel. Specifically, trial counsel shall state whether

---

[1]This Court has reviewed Applicant's other claims and finds them to be without merit.

he was aware that Betty Barfield claimed to be the driver of the motor vehicle in which Applicant was a passenger. Counsel shall state whether he interviewed Barfield, and whether he believed that Barfield would have testified favorably on Applicant's behalf. If there was other evidence indicating that Applicant was not the driver of the vehicle, counsel shall state whether he believed that the State could prove that Applicant was guilty as a party, and whether he advised Applicant to plead guilty to the offense including the deadly weapon allegation.

Trial counsel shall state whether the State made an offer of four years' imprisonment in exchange for Applicant's plea of guilty, whether this offer was communicated to Applicant and whether Applicant indicated that he wanted to accept the offer. Trial counsel shall state whether stand-in counsel was informed of the status of plea negotiations when he appeared on trial counsel's behalf and announced that Applicant was ready for trial.

Trial counsel shall state when he received notice of the State's intent to seek enhanced punishment in this case. If the State's notice was provided after Applicant had entered his open plea of guilty but before sentencing, counsel shall state whether he objected or advised Applicant that he could withdraw the plea or obtain a continuance in order to gather evidence in mitigation of punishment. The trial court may use any means set out in TEX. CODE CRIM. PROC. art. 11.07, § 3(d). In the appropriate case, the trial court may rely on its personal recollection. *Id*.

If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney to represent Applicant at the hearing. TEX. CODE CRIM. PROC. art. 26.04.

The trial court shall first supplement the habeas record with copies of any written plea documents, including admonishments, stipulations and waivers, and any written plea offers made

prior to the entry of the open plea. In addition, the trial court shall supplement the habeas record with a transcript of the plea hearing and punishment hearing. The trial court shall then make findings of fact and conclusions of law as to whether the performance of Applicant's trial counsel was deficient and, if so, whether counsel's deficient performance prejudiced Applicant. The trial court shall make findings of fact as to whether Applicant's plea of guilty was knowingly and voluntarily entered. The trial court shall also make any other findings of fact and conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claim for habeas corpus relief.

These applications will be held in abeyance until the trial court has resolved the fact issues. The issues shall be resolved within 90 days of this order. A supplemental transcript containing all affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall be forwarded to this Court within 120 days of the date of this order. Any extensions of time shall be obtained from this Court.


Filed: October 7, 2015
Do not publish